```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO


EVELYN RIVERA DIAZ,                *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *    CIVIL NO. 05-1025 (JP)
                                   *
EXECUTIVE AIRLINES, INC., et al.,  *
                                   *
     Defendants                    *
                                   *
```

**OPINION AND ORDER**

**I.  INTRODUCTION**

The Court has before it defendant Executive Airline's motion for summary judgment (**No. 35**), and the plaintiff's opposition thereto (**No. 38**). The plaintiff in this case is Evelyn Rivera Díaz, a former employee of defendant Executive Airlines, d/b/a American Eagle ("Executive Airlines"). The plaintiff alleges she was unlawfully terminated from employment because of age, disability, and race, and brought this action under the Americans with Disabilities Act (ADA), under the Age Discrimination in Employment Act (ADEA), and under 42 U.S.C. § 1981. Executive Airlines moves for summary judgment of the plaintiff's federal claims and for dismissal without prejudice of the plaintiff's claims under Puerto Rico law. The Court **GRANTS** the motion.

**II. MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

After thoroughly evaluating the parties' stipulations in the record, the defendants' statement of uncontested facts and supporting

CIVIL NO. 05-1025 (JP)          -2-

evidence, and the plaintiffs' opposition thereto, the Court determined that the following material facts are not in genuine issue or dispute:

1. Plaintiff Evelyn Rivera-Díaz was employed with Executive Airlines from December 12, 1991, to August 20, 2004.
2. The plaintiff began working for Executive as a Fleet Service Clerk.
3. The Fleet Service Clerk, Cabin Clerk, Ramp Service Clerk, and Crew Chief positions are covered by a collective bargaining agreement between the Transport Workers Union and Executive Airlines.
4. The plaintiff was injured while on the job in 1996.
5. As a result of that injury, she began receiving treatment with the State Insurance Fund and was allowed to go back to work in 1997.
6. After the plaintiff returned to work, she was promoted to the position of Crew Chief.
7. On May 30, 2002, the plaintiff filed a charge of disability discrimination against Executive Airlines with the Anti-Discrimination Unit of the Department of Labor and Human Resources of Puerto Rico ("ADU").
8. On July 19, 2002, the ADU notified Executive Airlines of the disability discrimination charge.

CIVIL NO. 05-1025 (JP) -3-

9. On June 21, 2004, the ADU issued its finding of "no probable cause" on the plaintiff's allegations of disability discrimination.

10. On May 28, 2003, Executive issued the plaintiff a First Advisory for attendance deficiencies.

11. On October 20, 2003, Executive issued the plaintiff a Second Advisory for attendance deficiencies.

12. From May 8, 2004, until her termination, the plaintiff held the position of Ramp Service Clerk as a part time employee.

13. On August 20, 2004, Executive issued the plaintiff a Final Advisory for attendance deficiencies.

14. The plaintiff's employment with Executive Airlines was terminated on August 20, 2004.

15. The plaintiff was thirty-nine years old at the time of her termination from Executive Airlines.

16. At all times relevant to this case Executive Airlines had in place a policy against racial discrimination in the workplace, including unlawful harassment.

17. That policy encourages employees to report any complaint of discrimination or harassment to their local management, employee services, the network hotline, or the human resources department.

18. The policy is to promptly and thoroughly investigate complaints of discrimination and harassment, and to take

CIVIL NO. 05-1025 (JP)          -4-

> corrective action against employees who are found to have violated the policy.
> 19. That policy is well disseminated and enforced.
> 20. The plaintiff never submitted an internal complaint against Executive Airlines alleging race discrimination in the workplace.

### III. STANDARD

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Insurance Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

CIVIL NO. 05-1025 (JP)          -5-

Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

In a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253, 91 L. Ed. 2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

**IV. CONCLUSIONS OF LAW**

    **A. ADEA**

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C.

CIVIL NO. 05-1025 (JP)          -6-

§ 623(a)(1).  In order to prevail on a claim of pretextual age discrimination, an ADEA claimant who lacks direct evidence of age discrimination must first make out a *prima facie* case triggering a rebuttable presumption of age discrimination by showing that (1) she was at least forty years of age; (2) her job performance met the employer's legitimate expectations; (3) the employer subjected her to an adverse employment action; and (4) the employer had a continuing need for the services provided by the position from which the claimant was discharged.  González v. El Día, Inc., 304 F.3d 63, 68 n. 5 (1st Cir. 2002).  Upon a sufficient showing, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory basis for its adverse employment action.  Id. at 69.  Once an employer has made a successful proffer, the claimant must then establish that the employer's given reason was pretextual and that the record evidence would permit a reasonable jury to infer that the real reason was discriminatory animus based on his age.  Id. at 69.

The plaintiff will not be able to establish a *prima facie* case under the ADEA, because the uncontested facts show that the plaintiff was thirty-nine years old at the time she was terminated from Executive Airlines.  Executive Airlines is therefore entitled to summary judgment on the plaintiff's ADEA claim.

CIVIL NO. 05-1025 (JP)          -7-

**B.   ADA**

The ADA prohibits employers from discriminating against qualified individuals with disabilities. 42 U.S.C. § 12112(a). The ADA provision prohibiting discrimination by private employers mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and absent special circumstances, such compliance must occur before a federal court may entertain a claim for an alleged violation of the ADA. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). A claimant must first exhaust administrative remedies by filing a charge with the EEOC or with an appropriate state or local agency within prescribed time limits. Id. at 278. If a non-federal fair employment practices agency is authorized to investigate the charge, then the charge must be filed with the EEOC or with the FEP within 300 days of the alleged wrongful act. 42 U.S.C. § 12117(a). In Puerto Rico the Anti-discrimination Unit of the Department of Labor and Human Resources ("ADU") is authorized to investigate discrimination claims based on disability. Colón Quiles v. American Airlines, 133 F. Supp. 2d 151, 156 (D.P.R. 2001). Consequently, in Puerto Rico, a charge of discrimination must be filed with the EEOC or with the ADU within three hundred days of the alleged act of employment discrimination in order for the charge to be timely. Id. at 156. The three hundred day period will not be tolled in the absence of an equitable exception. Jones v. City of Sommerville, 735 F.2d 5, 8 (1st Cir. 1984).

CIVIL NO. 05-1025 (JP)          -8-

Executive Airlines is entitled to summary judgment on the ADA claim, because the plaintiff failed to exhaust her administrative remedies. The plaintiff alleges she was terminated from employment in violation of the ADA. It is uncontested that the plaintiff became aware of her termination on August 20, 2004, and that the three hundred day period by which she was required to file a charge with the EEOC or ADU expired on June 15, 2005. The plaintiff filed a charge of disability discrimination with the ADU on May 30, 2002, but this charge resulted in no notice of right to sue, and in any event did not reference her termination, since it was two years before her termination. She failed to file a charge regarding her termination before June 15, 2005, deadline, and failed to produce any evidence that she would be entitled to an equitable exception to the statute of limitations period.

**C.   SECTION 1981**

The plaintiff described herself in her Amended Complaint as a black Puerto Rican, and alleges she was fired because of her race in violation of Section 1981. An employee can prove establish a Section 1981 race discrimination claim through direct evidence or through circumstantial evidence using the McDonnell Douglas burden shifting framework. Bermúdez Vázquez v. Centennial of P.R., 278 F. Supp. 2d 174, 181 (D.P.R. 2003) (aff'd, Bermúdez-Vázquez v. Centennial of P. R. Wireless, 97 Fed. Appx. 337). In cases without direct evidence, the plaintiff must establish a *prima facie* case: (1) she was a member of a protected class, (2) she suffered an

CIVIL NO. 05-1025 (JP)            -9-

adverse employment action, (3) she was qualified for the position she held, and (4) her position remained open or was filled by a person whose qualifications were similar to hers. Id. at 181.  Once the plaintiff has established the *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. at 181.  The plaintiff must then show that the employer's articulated reason is mere pretext for discriminatory animus. Id. at 181.

Executive Airlines is entitled to summary judgment on the plaintiff's Section 1981 claim, because the Executive Airlines articulated a legitimate non-discriminatory reason for firing the plaintiff and there is no genuine issue as to whether the defendant's articulated reason was mere pretext for discriminatory animus. Executive Airlines claims that the plaintiff was terminated because of her attendance record.  It is uncontested that she received two warning letters for attendance deficiencies before she was terminated. Her termination letter states she had accrued additional attendance deficiencies and was fired because of her attendance record.  The plaintiff failed to produce any evidence which raises a genuine issue as to whether this reason was mere pretext for race discrimination.  In fact the plaintiff's opposition makes no reference to the Section 1981 claim.

### D.   **LAW 100 AND LAW 45**

The Court grants summary judgment of the federal claims in this case, and declines to exercise jurisdiction over the Puerto Rico law

CIVIL NO. 05-1025 (JP)        -10-

claims and will enter judgment dismissing those claims without prejudice.

**V.  CONCLUSION**

The Court **GRANTS** the Executive Airlines's motion for summary judgment.  Judgment will be entered dismissing the plaintiff's federal claims against Executive Airlines with prejudice, and the plaintiff's Puerto Rico law claims against Executive Airlines without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of January, 2006.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE